991 So.2d 54 (2008)
Andre HARVEY
v.
Richard L. STALDER, Secretary of Louisiana Department of Public Safety and Corrections, Venetia T. Michael, Warden of David Wade Correctional Center, and Brenda Acklin, David Wade Correctional Center Record Analyst.
No. 2007 CA 1595.
Court of Appeal of Louisiana, First Circuit.
May 2, 2008.
*55 Andre Harvey, Homer, LA, Plaintiff-Appellant, In Proper Person.
Susan W. Griffin, Baton Rouge, LA, Attorney for Defendants-Appellees, Richard L. Stalder, et al.
Before PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
Andre Harvey (Harvey), an inmate in the state prison system, seeks review of the district court's judgment that affirmed the final agency decision in this matter. For the following reasons, we affirm.

Factual and Procedural Background
While released on parole supervision pursuant to diminution of sentence, Harvey was arrested on April 12, 2003, for possession of drug paraphernalia, simple burglary of an inhabited dwelling, and resisting arrest. As a result of this arrest, a "parole hold" was placed on Harvey. On June 30, 2003, he pled guilty to the possession charge and the resisting arrest charge, both misdemeanors.[1] He was sentenced to a term of imprisonment of 30 days and six months, respectively. The minute entry related to each guilty plea indicates that each sentence was to "run concurrent," with credit for the time he had already served since his arrest.
Based on the time served following his arrest on these misdemeanor charges, Harvey filed a request for administrative relief and pursued the administrative remedy procedure with the Department of Public Safety and Corrections (DPSC). After considering his request, the DPSC's first step response concluded:
You cannot receive the credit from your initial arrest of 04.12.03 because you were arrested for other charges and were not revoked at that time. You *56 were sent to Orleans Blue Walters in lieu of revocation and released on 04.23.04. According to Webster Parish you served parish time on these charges until 10.08.03. So, therefore the only credit you are entitled to receive is from 10.08.03 until 04.23.04. Your time was adjusted on 12.01.05 to reflect 608 credit[2] of 107 days. [Footnote added.]
Thus, Harvey was awarded part of the relief requested in that he was granted credit for the time served after his six-month term of incarceration had been satisfied.
Relying on LSA-R.S. 15:574.9(E), Harvey maintained that he was entitled to a credit for all of the time served while on the "parole hold," i.e., April 12, 2003, to April 23, 2004, since his conviction did not involve a new felony charge. His argument was also premised on his belief that the sentencing court ordered that his 30-day and six-month sentences run concurrent with his parole time. Therefore, Harvey sought further administrative relief, which was denied.
Subsequently, he filed a petition for judicial review of the DPSC's final decision with the district court. The commissioner for the district court held a hearing on his petition and prepared a recommendation for the district court judge,[3] which stated:
The administrative record indicates the Department denied the petitioner credit for the time he was held in custody on his Webster Parish misdemeanors based on Departmental Regulation B-04-001 Section [9](I)[4] which provides an inmate is due flat time credit for time held on a parole hold that does not result in revocation, unless the time at issue is credited to another misdemeanor or felony sentence. The record in this matter indicates that the petitioner was held in custody on a parole hold following his arrest on April 12, 2003, but that a portion of the time period at issue has been credited to his misdemeanor sentences. The Department has credited the petitioner with the time he was held in custody following the satisfaction of his Webster Parish sentences. However, the petitioner contends that due to his sentencing court specifying that his misdemeanor sentences were to run concurrent to his parole time, he should be allowed to receive credit towards the balance owed on his parole time for the period of time he served on the misdemeanors. The Department would be required to award the petitioner credit for time served on the balance remaining on his parole time, in spite of the fact that the petitioner received credit for the same period of time on his two misdemeanor sentences, if the sentencing *57 court specified the petitioner was to receive credit for the same period of time on all his sentences. The sentencing court determines how credit for time served is awarded and the Department is bound to carry out the sentence as imposed by the sentencing court. This Commissioner finds the minute record submitted as part of the expanded administrative record filed in this matter does not specify that the petitioner's misdemeanor sentences are to run concurrent to any parole time. The minute record submitted in this matter reflects that on each sentence the sentence is qualified as to be served concurrently, but the minutes do not indicate that each of the sentences are to be served concurrently with any other particular sentence. This Commissioner also notes the minute entries do not state that each particular sentence is to run concurrent with any other time in general. The minute record does not support the petitioner's contention that his sentencing court specifically ran his two misdemeanor sentences concurrent to the balance of time remaining on his parole time. The petitioner has failed to demonstrate this matter should be remanded back to the Department for consideration of the expanded administrative record or that the final agency decision should be disturbed on judicial review. [Footnote added.]
Accordingly, the commissioner concluded the DPSC's final decision should be affirmed and Harvey's petition for judicial review should be dismissed. Harvey timely filed a traversal of the commissioner's report. The district court judge adopted the commissioner's report and recommendation and rendered a judgment on May 14, 2007, affirming the final agency decision. This appeal followed.

Discussion
Harvey contends that the district court erred in failing to give him credit from April 12, 2003, to April 23, 2004, in accordance with LSA-R.S. 15:574.9(E). Louisiana Revised Statute 15:574.9(E) provides:
When the parole of a parolee has been revoked by the board for the violation of the conditions of parole, the parolee shall be returned to the physical custody of the Department of Public Safety and Corrections, office of corrections services, and serve the remainder of his sentence as of the date of his release on parole, subject to consideration by the board of any commutation of the sentence, and any diminution of sentence earned for good behavior while in the institution. The parolee shall be given credit for time served prior to the revocation hearing whether such time is served in a (oral detention facility, state institution, or out-of-state institution. The parolee shall not receive credit for such time served prior to the revocation hearing where the revocation is based on the subsequent conviction of a crime, in which case the parolee will receive credit for time served for the subsequent conviction pursuant to Code of Criminal Procedure Article 880.
In light of the first portion of the last sentence of this statutory provision, it is clear that the DPSC correctly denied Harvey credit for the time he served between the parole hold and the revocation hearing. Furthermore, the referenced "crime" need not be a felony, as suggested by Harvey, in the computation of credit for time served. Moreover, the requirements of LSA-C.Cr.P. art. 880[5] and LSA-R.S. *58 15:574.9(E) were satisfied when Harvey was given credit toward his sentences on the misdemeanor charges for the time served by him prior to his conviction on those charges. Additionally, we are unable to conclude that the district court erred in finding that the record did not support Harvey's contention that the sentencing court specifically directed that his two misdemeanor sentences run concurrent to the balance of time remaining on his term of imprisonment as a result of the parole violation.

Decree
For these reasons, the district court judgment is affirmed in accordance with U.R.C.A. Rule 2-16.2(A)(2), (4), (5), (6), (7), and (8). Costs of this appeal are assessed to Andre Harvey.
AFFIRMED.
NOTES
[1] The charge for simple burglary was nolle prosequi.
[2] The reference to "608 credit" relates to 2001 La. Acts, No. 608, § 1, which amended, in pertinent part, LSA-R.S. 15:574.9(E) regarding credit for time served. Section 2 of Act 608 provided that subsection E "shall apply to all persons in the custody of the Department of Public Safety and Corrections on the effective date of the Act."
[3] The office of commissioner of the Nineteenth Judicial District Court was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. LSA-R.S. 13:713(C)(5).
[4] Regarding the awarding of good time credits and sentence computation, DPSC Regulation No. B-04-001, Section 9(1) provides:

An inmate may receive flat credits for time in custody when held solely on a parole warrant and the alleged violation did not initially result in the revocation of the parole or good time supervision and the time has not been credited to any other misdemeanor or felony sentence.
[5] Prior to its amendment by 2006 La. Acts, No. 174, § 2, effective August 15, 2006, LSA.C.Cr.P. art. 880 provided.

A defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence.